# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 1, 2005

**Before**

Hon. Michael S. Kanne, *Circuit Judge*
Hon. Diane P. Wood, *Circuit Judge*
Hon. Diane S. Sykes, *Circuit Judge*

No. 05-1407

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RONALD GIPSON,

*Defendant-Appellant.*

―――――――――

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04-CR-30061-01-WDS—**William D. Stiehl**, *Judge.*

―――――――――

## O R D E R

A *sua sponte* request for rehearing *en banc* was made by an active member of the court and a vote was called for on October 11, 2005. A majority of the active judges voted to deny rehearing *en banc*.

Judge Ann Claire Williams dissented from the decision not to rehear this case *en banc* and was joined in the dissent by Judge Terence T. Evans. That dissent follows.

The request for rehearing *en banc* is DENIED.

WILLIAMS, *Circuit Judge*, with whom EVANS, *Circuit Judge*, joins, dissenting from the denial of rehearing *en banc*. In this case, the panel rejected Gipson's argument that the disparity between the Guidelines' recommended sentences for cocaine base and powder is unreasonable. I voted to rehear this case *en banc*, as I think it raises several compelling issues important to our review for "reasonableness" after *United States v. Booker*, 125 S. Ct. 738 (2005). First, this case raises the issue of the relationship between our prior case law holding that the United States Sentencing Guidelines' disparity between cocaine base and powder sentences is constitutional and the new post-*Booker* reasonableness standard. Second, this case would allow this court to consider the threshold for rebutting the presumption of reasonableness that attaches to sentences within the Guidelines. Third, the court could consider whether there are any provisions in the Guidelines that are facially unreasonable in the post-*Booker* world.

Although I recognize that recalling a mandate is not a matter to be taken lightly, *see Calderon v. Thompson*, 523 U.S. 538 (1998), the circumstances of this case (the opinion was converted from an unpublished order to a published opinion after the mandate issued) convince me that these issues are worthy of our full court's attention.

A true Copy:

      Teste:

 

*Clerk of the United States Court of Appeals for the Seventh Circuit*